# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                                                   Case No. 2:19-cr-113-FtM-60NPM

MARK EDWARD ZYWOTKO,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S "EMERGENCY MOTION FOR MODIFY SENTENCE AND EARLY RELEASE"

This matter is before the Court on Defendant Mark Edward Zywotko's "Emergency Motion for Modify Sentence and Early Release," filed on March 25, 2020. (Doc. 42). On March 26, 2020, the United States of America filed a response in opposition to the motion. (Doc. 43). Subsequently, Defendant filed an amendment to his motion. (Doc. 44). After reviewing the motion, response, amendment, case file, and the record, the Court finds as follows:

On August 2, 2020, Defendant pled guilty to four counts of mail fraud related to commercial fishing violations. On January 14, 2020, the Court sentenced him to sixty days imprisonment on each count, with each count to run concurrently, followed by thirty-six months supervised release. These sentences were substantially below the bottom of the advisory guidelines, and less than United States' recommendation. On February 27, 2020, Defendant voluntarily surrendered himself to the federal detention center in Miami, Florida.

Following Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a

pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus.

In his motion, Defendant requests that the Court modify or reduce his sixty-day sentences to thirty days on each count – which would result in his release from federal prison – due to the "serious and savage outbreak of COVID-19." Defendant is a 48-year old nonviolent offender with no prior criminal history. Defendant alleges that he is not a risk to the public if released, and he faces serious and unavoidable health problems if he were to remain incarcerated for the remainder of his sentences. Although Defendant did not cite any legal authority or case law in support of his request for modification in his initial motion, in his amendment, he clarifies that he is seeking release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentences in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. The instant motion was filed by Defendant, not the BOP. In his motion, Defendant "does not represent that he has exhausted all his administrative remedies with the BOP under § 3582(c)(1)(A)(i)" or that "the exhaustion

requirement should be deemed satisfied or entirely dispensed with due to the BOP's failure to address the dangers of the pandemic." *See United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020). Defendant also fails to sufficiently demonstrate "that the 30-day lapse requirement should be waived as futile in light of the pressing public health concerns." *Id*. Therefore, since Defendant has failed to exhaust his administrative remedies, the Court does not possess authority to grant relief under § 3582(c)(1)(A)(i). *See id*; *see also United States v. Cohen*, No. 1:18-cr-602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020) (finding that the defendant was "manifestly ineligible for compassionate release and ha[d] not exhausted his administrative remedies"); *United States v. Hernandez*, No. 19-cr-834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020).[1]

The Court understands why someone in Defendant's situation would be concerned. That concern is shared by everyone who finds themselves currently incarcerated – not just in Florida, or the United States, but in the entire world. If anything, Defendant is in a better position than most other incarcerated people because he will complete his sentences and be released in the ordinary course fairly soon.

As noted, however, a district court does not possess the requisite legal authority to modify or reduce a defendant's sentences under these facts. "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's

---

[1] *United States v. Cohen* involved a request for a reduction of a sentence filed by Michael Cohen, a former lawyer for President Trump, and included an argument *based on the coronavirus pandemic*. *United States v. Hernandez* involved a request for a reduction of a sentence, *based on personal health concerns related to coronavirus*, filed by noted rap artist "Tekashi 6ix9ine." Both requests were denied.

policy statement on compassionate release, U.S.S.G. § 1B1.13." *See Eberhart*, 2020 WL 1450745, at *2. Moreover, the BOP has implemented an action plan to mitigate the effects of COVID-19 and prevent potential transmissions into and throughout its correctional facilities, and there are no reported cases of COVID-19 at Defendant's facility. *See* (Docs. 43; 43-1; 43-2); *Eberhart*, 2020 WL 1450745, at *2.

Consequently, Defendant's "Emergency Motion for Modify Sentence and Early Release" is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Fort Myers, Florida, this 27th day of March, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**